**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| S. KEITH SNOWDEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MEDTRONIC U.S.A., INC., and )<br>BRAD HAWLEY, individually, )<br>)<br>Defendants. ) | Case No. CIV-07-1368-M |

**ORDER**

Before the Court is defendants' Motion to Dismiss, filed December 11, 2007. On December 27, 2007, plaintiff filed his response, and on January 9, 2008, defendants filed their reply.

I.   Introduction

Plaintiff was employed by defendant Medtronic U.S.A., Inc. ("Medtronic") from November 4, 2002 to December 11, 2006. Defendant Brad Hawley ("Hawley") served as plaintiff's district manager. Plaintiff was on medical leave from his employment from September 29, 2006 to November 6, 2006. Plaintiff alleges that on October 12, 2006, Hawley showed up at plaintiff's home unannounced and requested and was given plaintiff's work equipment. *See* Petition at ¶ 10. Plaintiff further alleges that Hawley:

> acted as if he thought the whole process was amusing to him and that he was enjoying it. He offered no explanation as to why he was treating Plaintiff as if he were firing him. When confronted about his intentions and the impropriety of his actions due to Plaintiff's medical condition and medical leave, Defendant Hawley invited Plaintiff to physical confrontation.

*Id.*

Plaintiff alleges he immediately reported Hawley's actions to Medtronic and requested that Medtronic take measures to protect plaintiff. *See id.* at ¶ 11. Plaintiff further alleges that although

his physician released him to return to work on November 6, 2006, Medtronic continued plaintiff on administrative leave until December 11, 2006, at which time plaintiff was notified of his termination. *See id.* at ¶ 13.

On November 1, 2007, plaintiff filed the instant action against Medtronic and Hawley asserting the following causes of action: (1) breach of an employment contract by wrongfully discharging plaintiff (*Burk*[1] tort), (2) intentional infliction of emotional distress, and (3) violations of the Family Medical Leave Act, 29 U.S.C. ¶ 2601, et seq. Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's first and second causes of action.

II.   Discussion

   A.   Standard

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). In order to survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

---

[1] *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989).

*Schneider*, 493 F.3d at 1177 (emphasis in original).

    B.    <u>*Burk* tort claim</u>

In *Burk v. K-Mart Corp.*, 770 P.2d 24, 28 (Okla. 1989), the Oklahoma Supreme Court recognized a cause of action for wrongful discharge in violation of "a clear mandate of public policy as articulated by constitutional, statutory, or decisional law", creating an exception to Oklahoma's general rule of at-will employment. The Oklahoma Supreme Court held that "an employee [who] is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy" may bring a tort claim for wrongful discharge. *Id.* at 29. However, the Oklahoma Supreme Court found that "the public policy exception must be tightly circumscribed." *Id.*

Defendants contend that plaintiff has completely failed to identify any Oklahoma public policy upon which his *Burk* claim is based. Although plaintiff sets forth no specific Oklahoma public policy upon which his *Burk* claim is based in his Petition, plaintiff asserts in his response brief that "Oklahoma has a clear public policy against termination of employees for complaining about a superior and the company (a) committing assault (21 O.S. Section 644), (b) intentionally inflicting emotional distress upon its employees (*Nichols v. Pray, Walker, Jackman, Williamson & Marler, a Professional Corp*, 144 P.3d 907, Okla.Civ.App. Div. 3, 2006.), as well as (c) punishing an employee for taking clearly appropriate medical leave. (*Id.*)." Plaintiff's Response to Defendants' Motion to Dismiss at 4.

Having carefully reviewed the authority set forth by plaintiff in his response, the Court finds the cited authority is not sufficient to establish the "clear mandate of public policy" necessary to state a claim for wrongful discharge in violation of Oklahoma public policy. Specifically, the Court

finds Oklahoma's criminal statute defining assault is quite general in nature and does not specifically relate to the conduct at issue in the case at bar. Further, in light of the *Burk* court's admonition that the public policy exception be "tightly circumscribed," the Court finds that Oklahoma's general criminal assault statute is "far too slender a reed upon which to base a public policy tort." *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1488 (10th Cir. 1996). Additionally, the Court finds that the *Nichols* case did not involve wrongful discharge or medical leave and provides absolutely no basis under which the Court could find a clear and compelling public policy regarding the conduct at issue in this case.

Accordingly, the Court finds that plaintiff's *Burk* claim for wrongful discharge in violation of Oklahoma public policy should be dismissed.

C. Intentional infliction of emotional distress claim

Defendants assert that even if all the allegations in the Petition are true, the alleged actions of defendants cannot support a claim for intentional infliction of emotional distress. In order to establish a prima facie case of intentional infliction of emotional distress, a plaintiff must demonstrate: (1) the tortfeasor acted intentionally or recklessly; (2) the tortfeasor's conduct was extreme and outrageous; (3) the plaintiff actually experienced emotional distress; and (4) the emotional distress was severe. *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1387 (10th Cir. 1991).

Having carefully reviewed the Petition, the Court finds plaintiff has set forth sufficient allegations to state a claim for intentional infliction of emotional distress that is plausible on its face. Specifically, the Court finds that the Petition contains sufficient allegations indicating that defendants acted intentionally or recklessly, that defendants' conduct was extreme and outrageous,

that plaintiff actually experienced emotional distress, and that the emotional distress was severe. Accordingly, the Court finds that plaintiff's intentional infliction of emotional distress claim should not be dismissed for failure to state a claim.

III.     Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' Motion to Dismiss [docket no. 4] as follows:

> (A)    The Court GRANTS the motion to dismiss as to plaintiff's *Burk* tort claim, and
>
> (B)    The Court DENIES the motion to dismiss as to plaintiff's intentional infliction of emotional distress claim.

**IT IS SO ORDERED this 28th day of April, 2008.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE